567 A.2d 709

**COMMONWEALTH of Pennsylvania**

v.

**Ronald WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 25, 1989.

Filed Dec. 11, 1989.

490

Clayton S. Morrow, McKeesport, for appellant.

Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for Com., appellee.

Before BROSKY, WIEAND and MELINSON, JJ.

WIEAND, Judge:

Ronald Williams was found guilty by a jury of theft and criminal conspiracy[1] in connection with the taking of a wallet from a woman while she was boarding a bus outside Kaufman's Department Store in downtown Pittsburgh. A female accomplice who was with Williams fled the scene and has neither been apprehended nor identified. Following the verdict, defense counsel filed a post-trial motion alleging that the evidence was insufficient to support the verdict. While this was pending, Williams filed pro se a petition under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. § 9541 et seq., repealed by the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq., effective April 13, 1988, but this was dismissed by the trial court as premature. After the post-trial motion had been argued, it was also dismissed by the trial court, and Williams was then sentenced to serve concurrent terms of imprisonment for not less than two and one-half (2½) years nor more than five (5) years. A motion to modify sentence was denied, and appeals were filed pro se by Williams and also by his attorney.[2] While his case was on appeal, Williams filed pro se another PCHA petition. He then discontinued the consolidated appeal which was pending in the Superior Court. New counsel was thereafter appointed to represent Williams in the PCHA proceedings, and counsel caused an amended petition to be filed.[3] Fol-

1. A demurrer was sustained by the trial court to a charge of robbery.

2. At trial and on direct appeal, Williams was represented by attorneys from the Public Defender's Office.

3. Although the amended PCHA petition was filed after the effective date of the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 et seq., effective April 13, 1988, our analysis will proceed under the provisions of the PCHA, for these proceedings were initiated under that Act. We

lowing an evidentiary hearing, however, post conviction relief was denied. Williams appealed. He argues: (1) the evidence was insufficient to support the verdict; (2) the trial court erred when it refused to strike the testimony of the Commonwealth's expert witness; (3) the trial court erroneously sentenced him for a misdemeanor of the first degree and incorrectly computed the offense gravity score therefor; and (4) trial counsel rendered assistance which was constitutionally ineffective. We find no merit in these contentions and affirm the order denying post conviction relief.

■ Appellant's challenge to the sufficiency of the evidence was not properly raised in this collateral attack on his conviction. The issue had been raised in a post-trial motion and had been decided adversely to appellant by the trial court. Although appellant filed a direct appeal in the Superior Court, he caused the appeal to be discontinued before the same could be argued and decided. The PCHA court found this to be a voluntary act. The issue regarding the sufficiency of the evidence, therefore, was finally litigated and could not be renewed in a collateral proceeding under the Post Conviction Hearing Act. See: 42 Pa.C.S. §§ 9543(4) and 9544(a)(1), now repealed. See also: *Commonwealth v. Frazier*, 455 Pa. 162, 314 A.2d 16 (1974); *Commonwealth v. DeSantis*, 234 Pa.Super. 67, 335 A.2d 761 (1975). An issue has been finally litigated if "[i]t has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling." 42 Pa.C.S. § 9544(a)(1), now repealed.

■ Appellant argues that he did not voluntarily discontinue his direct appeal because his decision to discontinue the appeal was prompted by a belief that a PCHA petition would receive faster consideration than a direct appeal to the Superior Court. The record discloses, however, that appellant had been fully and correctly informed

observe, however, that the same result would be achieved under the provisions of the new Act.

regarding his appellate rights. Indeed, the record is clear that he even disregarded the advice of trial counsel in discontinuing his appeal. Appellant, even though represented by counsel, insisted on filing numerous pro se motions and petitions. After he rejected the advice of the trial court and of his own counsel and discontinued his direct appeal, he will not be heard to say that he didn't understand the consequences of his act.[4]

At trial, Detective Normand Leonard of the Pittsburgh Police Department was called by the Commonwealth to testify as an expert witness concerning the general methods by which pickpockets operate. After the Commonwealth had rested its case, defense counsel complained that the Commonwealth had failed to disclose the existence of the expert witness during pre-trial discovery in violation of the mandatory discovery requirements of Pa.R.Crim.P. 305 B(1)(e). Because the Commonwealth had not discussed Leonard's testimony with him until the morning of trial, the court held that there had not been a willful violation of the discovery rule. Nevertheless, the court offered to grant a continuance to the defense in order to prepare adequately to cross-examine the expert witness. The offer of a continuance was declined. The trial court then rejected a defense motion to strike the testimony.

At first blush, it appears that this issue was waived by appellant when he failed to assert it in post-trial motions. Because appellant contends that his trial counsel was ineffective for failing to raise the issue post-trial, however, we will consider it on its merits. Nevertheless, appellant is not entitled to relief. Even if we were to assume that the Commonwealth violated the rules of discovery, it was within the discretion of the trial court to fashion a remedy for a

---

**4.** We also reject appellant's contention that trial counsel was ineffective for failing to allege specifically in the trial court the reasons why the evidence was insufficient. The record discloses that counsel argued the substantive issue and that the trial court considered and rejected the argument on its merits. Counsel was not ineffective in failing to state specifically the alleged deficiency in the Commonwealth's evidence.

discovery violation. See: *Commonwealth v. Gordon,* 364 Pa.Super. 521, 540, 528 A.2d 631, 641 (1987). See also: *Commonwealth v. Palmer,* 319 Pa.Super. 56, 58, 465 A.2d 1050, 1052 (1983); *Commonwealth v. Johnson,* 310 Pa.Super. 385, 395, 456 A.2d 988, 993 (1983). Pa.R.Crim.P. 305 E provides that:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Instantly, the trial court offered to grant a continuance and appellant declined the offer. The trial court, under these circumstances, did not err when it refused to strike the expert testimony from the record. The proposed continuance was an adequate remedy.

██ Trial counsel will not be deemed ineffective for declining to accept the trial court's offer of a continuance. Appellant does not assert that there was additional information available or that additional time would have enabled counsel to pursue a different or additional line of inquiry during cross-examination of the witness. Thus, appellant has been unable to demonstrate in what manner a continuance would have aided his defense. "Counsel will not be found ineffective in a vacuum, and we will not consider claims of ineffectiveness without some showing of a factual predicate upon which counsel's assistance may be evaluated." *Commonwealth v. Thomas,* 372 Pa.Super. 349, 364, 539 A.2d 829, 837 (1988). See also: *Commonwealth v. Silo,* 509 Pa. 406, 411, 502 A.2d 173, 176 (1985); *Commonwealth v. Pettus,* 492 Pa. 558, 563–564, 424 A.2d 1332, 1335 (1981).

██ For similar reasons we reject appellant's general averment that trial counsel was ineffective for failing to

call appellant to testify at trial.[5]  Appellant possessed a prior criminal record, including other pickpocketing offenses;  and, therefore, there was good reason for not calling appellant.  If he had testified, the Commonwealth would have been able to introduce his prior record of offenses crimen falsi.  In any event, it does not appear that trial counsel prevented appellant from testifying against his wishes.  In the absence thereof, trial counsel will not be deemed constitutionally ineffective.

The Commonwealth's evidence showed that the victim had been carrying her wallet in an open-ended tote bag as she was waiting to get on the bus.  The victim testified that when she wanted to get on the bus, her path was blocked by appellant's female companion.  When the companion stepped aside to let the victim get on the bus, appellant called to his companion and told her to get off the bus.  After the bus began moving, the victim realized that her wallet had been taken.  Therefore, she got off at the next stop and was able to find appellant and his companion.  She confronted them and accused them of taking her wallet.  The female companion fled, but appellant was apprehended by a plainclothes policeman who arrived on the scene.  Neither the wallet nor its contents, which the victim said was fifteen ($15) dollars, was recovered.

Theft offenses are graded in the following manner:

### 3903.  Grading of theft offenses

**(a) Felony of the third degree.**—Theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

**(b) Other grades.**—Theft not within subsection (a) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the

---

5.  It is possible to infer from the trial record that appellant did not want to testify.  See p. 53 of trial transcript.

person or by threat, or in breach of fiduciary obligation, and:

> (1) the amount involved was fifty dollars ($50) or more but less than two hundred dollars ($200) the offense constitutes a misdemeanor of the second degree; or

> (2) the amount involved was less than fifty dollars ($50) the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S. § 3903(a) and (b). Although theft offenses are graded primarily by the value of the property stolen, several types of theft are graded according to the circumstances of the offense irrespective of the value of the property taken. One of these is a theft of property from the person of another. The Comment to section 223.1(2) of the Model Penal Code, from which § 3903 of the Crimes Code was derived, observes that a substantial number of states, including Pennsylvania, "provide for heightened penalties whenever the theft is from a person." Model Penal Code § 223.1(2), Comment at p. 149 and n. 59. The reason for imposing a higher penalty for such a theft, irrespective of the value of the property taken, is that such a theft involves "special potentialities for physical violence or alarm associated with the taking...." *Id.* at p. 148. In Pennsylvania, therefore, when a theft involves the taking of property, which has a value of less than $2,000, from the person of another, the offense is a misdemeanor of the first degree.

■ Instantly, appellant argues that the wallet was not taken from the person of the victim and that, since the value of the property stolen was only fifteen ($15) dollars, the theft should have been graded as a misdemeanor of the third degree under 18 Pa.C.S. § 3903(b)(2). Such an offense, he observes, carries a maximum sentence of one year in prison. This argument, however, overlooks that the wallet was removed from the tote bag which the victim was carrying on her person. As such, the wallet also was taken from the person of the victim. The theft, therefore, was

properly graded as a misdemeanor of the first degree, and appellant was properly sentenced.

The order denying post conviction relief is affirmed.