586 A.2d 976

**COMMONWEALTH of Pennsylvania**

**v.**

**Deborah TUNNICLIFF, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 1991.

Filed Feb. 21, 1991.

295

Maureen T. Beirne, Athens, for appellant.

Robert Fleury, Asst. Dist. Atty., Troy, for Com., appellee.

Before OLSZEWSKI, HUDOCK and BROSKY, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the trial court dismissing Deborah Tunnicliff's petition for relief under the provisions of the Post Conviction Relief Act (PCRA). Tunnicliff pled guilty to murder in the third degree [18 Pa.C.S.A. § 2502(c)], arson [18 Pa.C.S.A. § 3301(c)] and burglary [18 Pa.C.S.A. § 3502]. The trial court sentenced Tunnicliff to concurrent, 10–to–20 year terms of incarceration for the murder and arson offenses, followed by a 6–to–15 year term

for the burglary offense. No petition to modify sentence was filed by Tunnicliff's trial counsel.

Tunnicliff filed a *pro se* petition under the PCRA [42 Pa.C.S.A. § 9541 et seq], alleging ineffectiveness of counsel due to the failure to file a petition to modify sentence and requesting that counsel be appointed as she was indigent. The trial court dismissed Tunnicliff's petition as meritless without appointing counsel. Tunnicliff filed a *pro se* notice of appeal and was ordered to file a Pa.R.A.P. 1925(b) statement with the trial court specifying the matters complained of on appeal. Tunnicliff filed the Rule 1925(b) statement, *pro se*, with the prothonotary's office instead of with the trial court. Tunnicliff subsequently petitioned for the appointment of counsel, alleging the same facts to establish her indigence which had been asserted in her initial petition; this time the trial court appointed counsel. The trial court filed a statement pursuant to Pa.R.A.P. 1925(a) requesting the Superior Court to consider all of Tunnicliff's contentions on appeal to be waived due to her failure to file the 1925(b) statement with the trial court. As discussed below, we will not hold Tunnicliff's arguments to be waived and remand for a hearing on the merits of her PCRA petition.

 Tunnicliff first contends that she was entitled, as of right, to the appointment of counsel to advise her during the initial PCRA petition. The Commonwealth concedes that Tunnicliff was entitled to counsel, and acquiesces in her request for a remand to the trial court based upon this defect. A trial court may dismiss a PCRA petition without a hearing in certain situations. Pa.R.Crim.P. 1507(a), 42 Pa.C.S.A. The comments following Rule 1507 indicate that Pa.R.Crim.P. 1504 also impacts upon these cases. That rule provides that where a petitioner satisfies the trial judge that she is indigent, the judge shall appoint counsel. Pa.R. Crim.P. 1504(a), 42 Pa.C.S.A. The rule is drafted in mandatory language.

It is apparent from the trial court's appointment of counsel for Tunnicliff to pursue this appeal that she is indigent.

Both requests for appointment of counsel allege the same facts; if Tunnicliff deserves counsel now, she deserved counsel when the request was first made. We therefore remand to the trial court so that Tunnicliff may present her PCRA petition with the benefit of advice of counsel.[1]

■ Finally, we will not hold that Tunnicliff's failure to file a Rule 1925(b) statement with the trial court constitutes a waiver of her claims. The trial court ordered Tunnicliff to file the statement by May 28, 1990. Tunnicliff filed such a statement, *pro se,* with the prothonotary instead of the trial court on May 21, 1990. Counsel was appointed for Tunnicliff on June 8, 1990. We cannot concur with Tunnicliff's counsel's contention that this chronology entitled counsel to "fairly and justly assume" that the trial court's order had been complied with. Where counsel is appointed in midstream following the filing of *pro se* pleadings, we believe it incumbent upon counsel to ascertain the true state of affairs. Nonetheless, we must also attribute a portion of the blame for this failure to the trial court's erroneous initial denial of Tunnicliff's request for counsel.

■ Defense counsel has also requested that she be permitted to withdraw from this case as she believes that all issues Tunnicliff wishes the PCRA court to review are meritless. We believe this request to withdraw is more properly presented to the PCRA court upon remand.

Order vacated and case remanded for proceedings in accord with the above decision. Jurisdiction relinquished.

---

1. We note that this remand is in accord with prior practice under the PCHA, 42 Pa.C.S.A. § 9549 (repealed) and former Pa.R.Crim.P. 1503(a) (rescinded). *See, Commonwealth v. Logan,* 370 Pa.Super. 348, 536 A.2d 439 (1988) (trial court may dismiss PCHA petition as frivolous only after petitioner has full, fair and counseled opportunity to present claims).