597 A.2d 1237

**COMMONWEALTH of Pennsylvania**

v.

**Craig VAN ALLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 15, 1991.

Decided Oct. 9, 1991.

Hugh A. Donaghue, Media, for appellant.

William H. Ryan, Jr., Dist. Atty., Media, for Com., appellee.

Before CIRILLO, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

This is an appeal from the Order entered on October 18, 1990, dismissing Craig Van Allen's first petition for relief under the provisions of the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.*, without a hearing and without appointment of counsel. We vacate the order and remand for appointment of counsel.

Following a jury trial, Van Allen was found guilty of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1) and terroristic threats, 18 Pa.C.S.A. § 2706. By Order dated May 16, 1988, the trial court denied Van Allen's post verdict motions and on June 7, 1988 imposed judgment of sentence of four to ten years imprisonment. Van Allen appealed to the Superior Court which affirmed the judgment of sentence on January 10, 1989. *Commonwealth v. Van Allen,* Memorandum Opinion, January 10, 1989, No. 1967 Philadelphia 1988, 388 Pa.Super. 666, 560 A.2d 241. Subsequently, Van Allen filed a Petition for Allowance of Appeal which was denied on August 30, 1989, 523 Pa. 631, 564 A.2d 1260.

On June 20, 1990, Van Allen, submitted a PCRA petition *pro se* and *in forma pauperis,* therein requesting appointment of new counsel to represent him throughout post conviction proceedings. (The record is not clear as to when Van Allen's trial counsel withdrew from representing Van Allen). Van Allen's petition presented two substantive issues: 1) the trial judge's instructions to the jury were improper; and 2) the victim's testimony at trial was not credible and was perjured.

Following the filing of an Answer by the Commonwealth, the trial court on October 18, 1990, dismissed Van Allen's petition without a hearing and without appointing counsel. In its Opinion, the trial judge concluded that Van Allen's challenge to the propriety of the trial court's jury instructions was addressed by the Superior Court, the highest appellate court to which Van Allen had the right of review, therefore, the propriety of the jury instructions had been previously litigated and could not be the basis for post-conviction relief under 42 Pa.C.S.A. § 9543. In addition, the

trial court concluded that the second issue raised in Van Allen's petition, concerning the credibility of the victim's testimony, had been waived.

Van Allen subsequently filed an application for leave to file and proceed on appeal *in forma pauperis* and for appointment of counsel. On February 19, 1991, the court granted his petition and appointed counsel to represent Van Allen on appeal. On appeal, Van Allen argues that the trial court erred in summarily dismissing his first PCRA petition without an evidentiary hearing and without appointing counsel to advise or assist Van Allen during his first PCRA petition. Van Allen asserts that pursuant to Pennsylvania Rule of Criminal Procedure 1504, and in light of his indigence, he should have been permitted to amend his first PCRA petition with the aid of counsel before the court considered the merits of his initial PCRA petition. We agree.

Pennsylvania Rule of Criminal Procedure 1504 provides in pertinent part:

Rule 1504. Appointment of Counsel; Forma Pauperis

(a) When an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first motion for post-conviction collateral relief.

(b) On a second or subsequent motion, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 1508, the judge shall appoint counsel to represent the defendant.

Further, the Comment to Rule 1504 provides:

Consistent with Pennsylvania post-conviction practice under former Rules 1503 and 1504, *it is intended that counsel be appointed in every case in which a defendant has filed a motion for post-conviction collateral relief for the first time and is unable to afford counsel*

*or otherwise procure counsel.* However, the rule now limits appointment of counsel on second or subsequent motions so that counsel should be appointed only if the judge determines that an evidentiary hearing is required. (Emphasis ours).

■ It is clear from our review of the record that Van Allen filed his first petition for post-conviction collateral relief alleging indigence and requesting the appointment of counsel to assist him. The trial court, *after* determining that Van Allen's issues raised in the *pro se* petition lacked merit, dismissed Van Allen's petition without an evidentiary hearing and without appointing counsel. We hold that the failure to appoint counsel for Van Allen was error.

■ Rule 1504 is drafted in mandatory language. *Commonwealth v. Tunicliff,* 402 Pa.Super. 294, 586 A.2d 976 (1991). The rule provides that where a first-time petitioner satisfies the judge that he is indigent, the judge *shall* appoint counsel. Thus, *before* the trial court disposes of a first post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition. *Commonwealth v. Keeney,* 367 Pa.Super. 16, 19, 532 A.2d 33, 34 (1987).

In *Tunicliff, supra,* it was apparent from the trial court's appointment of appellate counsel that the petitioner was indigent. Both requests for the appointment of counsel (during her initial PCRA petition and on appeal) alleged the same facts to establish her indigence. We held that if Tunicliff deserved counsel on appeal, she deserved counsel when her request was first made. We, therefore, remanded to the trial court so that Tunicliff could present her PCRA petition with the benefit and advice of counsel.

Similarly, in the instant case, the trial court appointed appellate counsel to represent Van Allen on appeal from the denial of his PCRA petition. Like in *Tunicliff,* Van Allen alleged the same facts in both requests for appointment of counsel, thus, it must follow that Van Allen was indigent

when he first requested appointment of counsel. We hold that since Van Allen was indigent, the trial court erred in disposing of his first PCRA petition without appointing counsel. We, therefore, remand to the trial court so that Van Allen may present his first PCRA petition with the benefit of advice of counsel.

Accordingly, we vacate the order dismissing Van Allen's PCRA petition and remand the case for proceedings consistent with this Opinion.

Order vacated and case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

CIRILLO, J., files a concurring opinion.

CIRILLO, Judge, concurring:

The majority has properly disposed of this appeal. However, because I disagree with the current state of the law, I am unable to join in the majority's decision.

I agree with the trial court's determination that appellant Craig Van Allen is ineligible for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541–9546. The trial court has properly concluded that the petition is frivolous and without support in the record, and under these circumstances I do not endorse the appointment of counsel. I recognize that this is Van Allen's first PCRA petition. The majority has correctly construed Pennsylvania Rule of Criminal Procedure 1504, which requires the appointment of counsel for an indigent defendant on the first post-conviction relief petition.[1] Nonetheless, I write separately to voice my disagreement with this requirement.

As the majority has stated, this case was directly appealed to this court and the judgment of sentence was affirmed. A petition for allowance of appeal was denied by the Penn-

---

1. Pennsylvania Rule of Criminal Procedure 1504(a) provides:
   When an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first motion for post-conviction collateral relief. Pa.R.Crim.P. 1504(a).

sylvania Supreme Court. In his pro se PCRA petition, Van Allen raised two claims: (1) the trial court erred in its instructions to the jury; and (2) the testimony of the victim, Van Allen's sister, was perjured. The jury instruction issue has been previously litigated, and the issue of the victim's credibility has been waived. *See* 42 Pa.C.S. § 9543(a)(3), 9544(a), (b). In the alternative, Van Allen's claim that his sister's testimony was perjured, without more, raises no basis for statutory relief. 42 Pa.C.S. § 9543.

It is patently clear that Van Allen is not entitled to collateral relief under the statute. *Id. See also Commonwealth v. Williams*, 389 Pa.Super. 489, 567 A.2d 709 (1989). Despite the frivolity of this appeal, the current state of the law requires appointment of counsel. *See* Pa.R.Crim.P. 1504(a) and comment. *See also Commonwealth v. Kaufmann*, 405 Pa.Super. 335, ——, 592 A.2d 691, 694 (1991) (trial court's authority to summarily dismiss a petition for post-conviction relief under Pa.R.Crim. 1507 must be read in conjunction with Pa.R.Crim.P. 1504, which provides for appointment of counsel for petitioner who is indigent and seeks initial review of petition for post-conviction relief); *Commonwealth v. Perry*, 386 Pa.Super. 534, 563 A.2d 511 (1989) (it is only on second and subsequent PCRA petitions that the new rules render the appointment of counsel discretionary with the trial court).

The former statute authorizing post-conviction relief, the Post Conviction Hearing Act, 42 Pa.C.S. § 9541 *et seq.*, was partially repealed and substantially modified effective April 13, 1988. *See* 42 Pa.C.S. § 9541–9546. In the former statute, the legislature specifically provided that appointment of counsel was *not* required where the pauper petition was frivolous:

> ... If appointment of counsel is so requested and the court is of the opinion that a hearing on the petition is required, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel. *The appointment of counsel shall not be required if the petitioner's claim is patently frivolous and without a*

*trace of support in the record as provided by section 9549* (relating to hearing on petition).

42 Pa.C.S. § 9551(b) (emphasis added), repealed, April 13, 1988, P.L. 336, no. 47, § 4. There is no comparable provision in the new statute, evidencing the legislature's intent to abrogate the former section. *See* 1 Pa.C.S. § 1961. Section 1961 of the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.*, provides that provisions of the former statute which are omitted from the reenactment "shall be deemed abrogated, and only the new or changed provisions shall be deemed to be the law from the effective date of the reenactment." 1 Pa.C.S. § 1961. I remain dissatisfied, however, in my attempts to reconcile this construction with the new provisions enacted by the General Assembly in the Act of April 13, 1988. The new provisions clearly reflect a "legislative perception that courts had been too generous in entertaining claims for relief under the former statute" as reflected in the *Commonwealth v. Brimage*, 398 Pa.Super. 134, 140 n. 12, 580 A.2d 877, 880 n. 12 (1990). *Cf. Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988) (recognizing the problems posed by repetitive post-conviction petitions); *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981); *Commonwealth v. McNeal*, 493 Pa. 395, 426 A.2d 606 (1981); *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980).

Moreover, I discern no need to limit the trial court's authority to summarily dismiss a frivolous petition by requiring appointed counsel to "separate the grain from the chaff" as a means to ensure effective appellate review. *Perry*, 386 Pa.Super. at 539 n. 2, 563 A.2d at 513 n. 2. I am confident that the practiced eye of the trial court can effectively perform this function.