J-S51027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID SIMMS | |
| Appellant | No. 89 EDA 2016 |

Appeal from the PCRA Order November 30, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004169-2009,
CP-15-CR-0004328-2009

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:　　　　　**FILED AUGUST 30, 2016**

David Simms appeals from the order entered in the Court of Common Pleas of Chester County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We vacate the order and remand.

In September 2009, Simms robbed two stores in Chester County, Pennsylvania.  On August 2, 2010, Simms pled guilty to two counts of robbery and one count of fleeing or attempting to elude a police officer.  Simms was sentenced to an aggregate term of 12 to 30 years' incarceration.  Simms filed a direct appeal of his judgment of sentence, which was affirmed by this Court on May 5, 2011.  **See Commonwealth v. Simms**, 30 A.3d

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

530 (Pa. Super. 2011) (unpublished memorandum). Simms did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Simms filed the instant *pro se* PCRA petition on August 14, 2015. Counsel was not appointed. After issuing a notice pursuant to Pa.R.Crim.P. 907 and receiving Simms' objection, the PCRA court dismissed the petition on November 30, 2015. Simms filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2]

Before we reach the merits of Simms' appeal, we must address whether counsel should have been appointed to represent Simms, since the instant matter was initiated by Simms' first PCRA petition. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (if "indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake").

An indigent petitioner is entitled to court-appointed counsel even if the first PCRA petition is untimely. **Id.** at 1288. Additionally, it is the PCRA court's responsibility "*before* [disposing] of a first [PCRA] petition . . . [to] first make a determination as to the petitioner's indigence and if the

---

[2] Although Simms' concise statement was received late, it was postmarked by the filing deadline. Accordingly, we consider it to be timely filed pursuant to the prisoner mailbox rule. **See Commonwealth v. Little**, 716 A.2d 1287, 1288 (Pa. Super. 1998).

petitioner is indigent, the court must appoint counsel." ***Commonwealth v. Van Allen***, 597 A.2d 1237, 1239 (Pa. Super. 1991). Even if a "first-time petitioner indicates in his *pro se* petition that he does not wish to be represented by an attorney, the PCRA court must still conduct a ***Grazier***[3] hearing . . . before permitting the petitioner to proceed *pro se.*" ***Stossel***, ***supra*** at 1290.

Here, Simms filed a first PCRA petition *pro se*. The PCRA court did not determine whether Simms was indigent, did not appoint counsel, and did not conduct a colloquy to determine whether Simms had waived his right to counsel. The record does not reveal that Simms ever argued that he was indigent, nor did he request a court-appointed attorney. However, in ***Stossel***, this Court remanded the matter to the PCRA court even though "Stossel did not argue that he was entitled to counsel, or in any way challenge his waiver of that right, on appeal." ***Id.*** Moreover, it is the PCRA court's responsibility to determine whether the petitioner is indigent and to appoint counsel accordingly. ***Van Allen***, ***supra***. Thus, the trial court erred by not conducting such an inquiry.

Order vacated. Case remanded for further proceedings in accordance with this judgment order. Jurisdiction relinquished.

---

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/30/2016