J-S11036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:      PENNSYLVANIA
:
v. :
:
:
:
RONNIE LEE SHAW :
:
    Appellant : No. 1235 WDA 2016

Appeal from the Order Entered July 21, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001316-2011

BEFORE: OLSON, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED March 1, 2017**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Erie County denying his "Motion to Modify Costs *Nunc Pro Tunc*." After a careful review, we are constrained to vacate the July 21, 2016, order and remand for further proceedings consistent with this decision.

The relevant facts and procedural history are as follows: Following an argument, Appellant shot the victim, who suffered a bullet wound to his right thigh. Represented by private counsel, Appellant proceeded to a jury trial

_____

[*] Former Justice specially assigned to the Superior Court.

and, on June 20, 2012, a jury convicted Appellant of aggravated assault, reckless endangerment, and possessing instruments of crime.[1]

On August 16, 2012, following a hearing, the trial court imposed a sentence of twenty-one months to forty-two months in prison for aggravated assault, and directed Appellant to pay restitution to the victim in the amount of $675.00, as well as pay the costs of prosecution, including a total of $799.00 for "various laboratory costs[.]"  N.T., 8/16/12, at 21. The trial court imposed a sentence of twelve months to twenty-four months in prison for possessing instruments of crime; the sentence to run consecutively to the sentence imposed for aggravated assault. The trial court imposed no further penalty for reckless endangerment.

Appellant filed a timely post-sentence motion seeking a new trial on the basis the trial court erred in denying Appellant's motion for a mistrial after the Commonwealth introduced testimony and evidence regarding a gun that was later suppressed by the trial court.  Appellant further averred the trial court erred in not permitting a witness to exercise his Fifth Amendment right against self-incrimination.  Appellant also requested a modification of his sentence on the basis his aggregate sentence of thirty-three months to sixty-six months in prison was excessive.  By order entered on August 28,

---

[1] 18 Pa.C.S.A. §§ 2702, 2705, and 907, respectively.

- 2 -

2012, the trial court denied Appellant's post-sentence motion, and Appellant filed a timely, counseled direct appeal to this Court.

On direct appeal, Appellant's sole claim was that the trial court erred in denying his motion for a mistrial as it related to the Commonwealth's introduction of evidence and testimony regarding the gun. Finding no relief was due, this Court affirmed Appellant's judgment of sentence on November 19, 2013. **See Commonwealth v. Shaw**, No. 1418 WDA 2012 (Pa.Super. filed 11/19/13) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On July 5, 2016, Appellant filed a *pro se* motion entitled "Motion to Modify Costs *Nunc Pro Tunc*."[2] Therein, Appellant argued that ballistics tests were performed on weapons seized from his home; however, the trial court later suppressed the weapons on the basis they were illegally seized by the police. Accordingly, Appellant argued that, at the time of sentencing, the trial court had no authority to direct Appellant to pay $799.00 in laboratory costs for the ballistics testing, and thus, Appellant requested the trial court "remove" the $799.00 laboratory costs from Appellant's sentence. **See** Appellant's Motion to Modify Costs *Nunc Pro Tunc*, filed 7/11/16. By order

---

[2] Although Appellant's *pro se* motion was docketed on July 11, 2016, the record suggests Appellant handed it to prison authorities on July 5, 2016. Accordingly, pursuant to the prisoner mailbox rule, we shall deem Appellant's PCRA petition to have been filed on July 5, 2016. **See Commonwealth v. Patterson**, 931 A.2d 710 (Pa.Super. 2007) (discussing prisoner mailbox rule).

entered on July 21, 2016, the trial court denied Appellant's motion, and Appellant filed a timely *pro se* notice of appeal to this Court.

Initially, we conclude the lower court should have treated Appellant's motion as a collateral petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013). Thus, issues that are cognizable under the PCRA must be raised in a timely PCRA petition, and a petitioner may not escape the PCRA's mandates by titling his petition a "motion." **See id.**

A claim is cognizable under the PCRA if it challenges the petitioner's conviction, sentence, or the effectiveness of counsel during the plea process, trial, appeal, or PCRA review. 42 Pa.C.S.A. § 9543. In the case *sub judice*, Appellant's argument is premised upon a claim that the trial court did not have the authority to impose the laboratory fees at issue, and therefore, he has presented a legality of sentencing claim. **See Commonwealth v. Garzone**, 993 A.2d 306, 316 (Pa.Super. 2012) ("[I]nasmuch as [the] [a]ppellant's argument is premised upon a claim that the trial court did not have the authority to impose the costs at issue, [the] [a]ppellant has

presented a legality of sentencing claim.") (citations omitted)). Accordingly, the PCRA is the sole avenue for Appellant to gain relief.[3]

With this in mind, we note that this is Appellant's first PCRA petition, and the petition is facially untimely.[4] Nevertheless, we must address whether counsel should have been appointed to assist Appellant, since the instant matter constituted his first PCRA petition.

An indigent defendant is entitled to appointment of counsel for his first PCRA petition. **Commonwealth v. Smith**, 572 Pa. 572, 818 A.2d 494 (2003). This rule-based right to counsel persists throughout the PCRA proceedings, even if the petition is facially untimely or the petition does not present a colorable claim. **See id.** Additionally, it is the PCRA court's

---

[3] We note that "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

[4] The PCRA provides that a PCRA petition shall be filed within one year of the date the underlying judgment becomes final, which occurs "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). **See** 42 Pa.C.S.A. § 9545(b)(1). Here, Appellant's judgment of sentence became final on December 19, 2013, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(e). Thus, Appellant had until approximately December 19, 2014, to file a timely PCRA petition. Appellant filed the instant petition on July 5, 2016, and therefore, it is patently untimely. Further, Appellant did not plead any of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

responsibility "*before* [disposing] of a first [PCRA[ petition...[to] first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel." ***Commonwealth v. Van Allen***, 597 A.2d 1237, 1239 (Pa.Super. 1991).

Here, the lower court failed to determine whether Appellant was entitled to court-appointed counsel for purposes of the PCRA,[5] did not appoint counsel, and did not conduct a colloquy to determine whether Appellant waived his right to counsel. Since the lower court failed in this regard, we are constrained to vacate the lower court's July 21, 2016, order and remand for further proceedings consistent with this decision.

Order vacated; Case remanded; Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/1/2017

---

[5] We recognize Appellant filed in the lower court a petition to proceed *in forma pauperis*, and the lower court denied the petition on July 21, 2016. However, we have not been provided with the lower court's reasons for denying the petition and, as indicated *supra*, the lower court failed to recognize the instant proceedings constituted Appellant's first PCRA petition.