J-S11034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RAKIN MAYO | : | |
| | : | |
| Appellant | : | No. 1185 WDA 2016 |

Appeal from the Order entered July 1, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0002813-2008

BEFORE:   OLSON, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 14, 2017**

Appellant Rakin Mayo[1] appeals *pro se* from the order entered in the Court of Common Pleas of Blair County purporting to grant, in part, Appellant's *pro se* "Petition for Credit for Time Spent in Custody."  After a careful review, we vacate and remand for further proceedings consistent with this decision.

The relevant facts and procedural history are as follows:  Appellant pled guilty to two counts of possession with the intent to deliver a controlled

---

[1] We note "Rakin Mayo" is also referred to in the certified record as "Rakim Mayo."

[*] Former Justice specially assigned to the Superior Court.

substance, one count of criminal conspiracy, one count of dealing in the proceeds of an unlawful activity, and one count of corrupt organizations.[2] On September 21, 2009, the trial court sentenced Appellant to an aggregate of ten years to twenty years in prison. The trial court set November 13, 2008, as the commencement date for Appellant's sentence. Appellant filed neither post-sentence motions nor a direct appeal.

On February 14, 2015, Appellant filed a *pro se* document entitled "Petition for Credit for Time Spent in Custody."[3] Therein, Appellant averred that he was entitled to credit for time served commencing on February 28, 2008. Without appointing counsel, the trial court denied Appellant's petition by order filed on March 13, 2015. However, there is no corresponding docket entry indicating the parties received notice of the trial court's order.

Thereafter, for reasons not clear from the record, Appellant's *pro se* "Petition for Credit for Time Spent in Custody" was finally entered on the docket approximately one year later, on February 24, 2016. Apparently

---

[2] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. §§ 903, 5111, and 911, respectively.

[3] Appellant's *pro se* motion was time-stamped on February 19, 2015; however, the motion was not docketed at this time. Instead, the motion was docketed on February 24, 2016. In any event, the record suggests that Appellant handed his *pro se* motion to prison authorities on February 14, 2015, and thus, pursuant to the prisoner mailbox rule, we shall deem the motion to have been filed on February 14, 2015. *See Commonwealth v. Patterson*, 931 A.2d 710 (Pa.Super. 2007) (discussing prisoner mailbox rule).

believing Appellant had filed a second petition,[4] the trial court set a hearing on the petition.

On June 23, 2016, Appellant appeared at the hearing *pro se* and argued that he was entitled to credit commencing on February 27, 2008.[5] N.T., 6/23/2016, at 1. Specifically, Appellant argued that, with regard to the instant charges, he was detained at the Rikers Island Correctional Facility in New York from February 27, 2008, to November 13, 2008, awaiting extradition to Pennsylvania. *Id.* at 2. Therefore, he argued that he was entitled to additional credit for time served.

By order and opinion entered on July 1, 2016, the trial court purported to grant, in part, Appellant's petition. Specifically, the trial court concluded that, while Appellant was not entitled to credit for time served commencing on February 27, 2008, Appellant was entitled to credit for time served commencing on October 27, 2008. Thus, the trial court entered an order indicating Appellant was granted "an additional period of credit for time served from October 28, 2008[,] to November 13, 2008." Trial Court's Order, filed 7/1/16. Appellant filed a *pro se* notice of appeal within thirty

---

[4] There is no evidence Appellant filed a second "Petition for Credit for Time Spent in Custody."

[5] We acknowledge that Appellant's petition sought credit commencing on February 28, 2008, while his argument at the hearing was that he should receive credit commencing on February 27, 2008.

days of the trial court's July 1, 2016, order,[6] and the trial court granted Appellant permission to appeal *in forma pauperis*. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and therefore, no such statement was filed.

Initially, we must address the procedural anomalies presented in this case as they pertain to our jurisdiction. As indicated *supra*, Appellant purports to appeal in the instant case from the trial court's July 1, 2016, order. However, the record reveals that, in February of 2015, Appellant filed the instant *pro se* petition, which the trial court denied by order filed on March 13, 2015. Generally, Appellant would have been required to file a notice of appeal therefrom within thirty days after the entry of the order. **See** Pa.R.A.P. 903(a). Nevertheless, the docket entries do not indicate the date of service. **See** Pa.R.Crim.P. 114(C). Further, the certified record does not reveal whether the clerk of courts complied with Pa.R.Crim.P 114(B), as there is no evidence of the method of service. Simply put, there is no indication that Appellant received proper notice of the trial court's March 13, 2015, order.

To further complicate matters, the record reveals that, although Appellant's petition was promptly time stamped upon receipt by the clerk of

---

[6] The notice of appeal contains a time stamp of August 1, 2016, and a time stamp of August 3, 2016. In any event, applying the prisoner mailbox rule, Appellant's *pro se* appeal must have been handed to prison authorities on or before August 1, 2016. **Patterson**, **supra**.

courts on February 19, 2015, the clerk of courts did not docket the petition until more than one year later, on February 24, 2016.[7] Thereafter, not recognizing the petition had previously been denied on March 13, 2015, the trial court scheduled a hearing on what it apparently perceived to be a "newly docketed" petition, and ultimately purported to grant, in part, Appellant relief on July 1, 2016.

Although the trial court's confusion is understandable, we conclude the trial court did not have jurisdiction when it entered its July 1, 2016, order. 42 Pa.C.S.A. § 5505 provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry...if no appeal from such order has been taken or allowed." Here, the trial court denied Appellant's petition on March 13, 2015, but then without explanation purported to grant, in part, the same petition on July 1, 2016. Thus, the July 1, 2016, order, is a legal nullity. ***Commonwealth v. Liebensperger***, 904 A.2d 40, 44 (Pa.Super. 2006) ("If a court does not modify an order within [30 days], the court loses the authority to do so.") (citations omitted)).

---

[7] Moreover, the corresponding docket entry incorrectly indicates the document was time stamped on February 19, 2016, as opposed to February 19, 2015. Thus, the clerk of courts did not correctly "time stamp [the petition] with the date of receipt and make a docket entry reflecting the date of receipt" as required by Pa.R.Crim.P. 576(A)(3).

As to Appellant's failure to file a notice of appeal within thirty days of the trial court's March 13, 2015, order, we decline to quash this appeal as untimely. While an appellate court may not enlarge the time for filing a notice of appeal, *see* Pa.R.A.P. 105(b), we may permit extensions of the filing period in extraordinary circumstances, such as fraud or some breakdown in the court's operation. *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa.Super. 1995). Here, a "breakdown" occurred, primarily from the clerk of courts' departure from its obligations under the Rules of Criminal Procedure. Accordingly, we decline to quash this appeal as untimely and proceed to a review of the merits of Appellant's appeal.

After a careful review, we conclude the trial court should have treated Appellant's "Petition for Credit for Time Spent in Custody" as a collateral petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted). Thus, issues that are cognizable under the PCRA must be raised in a timely PCRA petition. *See id.*

A claim is cognizable under the PCRA if it challenges the petitioner's conviction, sentence, or the effectiveness of counsel during the plea process, trial, appeal, or PCRA review. 42 Pa.C.S.A. § 9543. In the case *sub judice*, Appellant's petition sought credit for the time spent in custody prior to

sentencing. This presents a challenge to the legality of sentencing, which is cognizable under the PCRA. ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa.Super. 2007) ("A challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence[.]") (citation omitted)). Accordingly, the PCRA is the sole avenue for Appellant to gain relief. [8]

With this in mind, we note that this is Appellant's first PCRA petition, and the petition is facially untimely.[9] Nevertheless, we must address whether counsel should have been appointed to assist Appellant, since the instant matter constituted his first PCRA petition.

---

[8] We note that "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

[9] The PCRA provides that a PCRA petition shall be filed within one year of the date the underlying judgment becomes final, which occurs "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). ***See*** 42 Pa.C.S.A. § 9545(b)(1). Here, Appellant's judgment of sentence became final on October 21, 2009, upon expiration of the time to file a direct appeal to this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, Appellant had until approximately October 21, 2010, to file a timely PCRA petition. Appellant filed the instant petition on February 14, 2015, and therefore, it is patently untimely. Further, Appellant did not plead any of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

An indigent defendant is entitled to appointment of counsel for his first PCRA petition. **Commonwealth v. Smith**, 572 Pa. 572, 818 A.2d 494 (2003). This rule-based right to counsel persists throughout the PCRA proceedings, even if the petition is facially untimely or the petition does not present a colorable claim. **See id.** Additionally, it is the PCRA court's responsibility "before [disposing] of a first [PCRA] petition...[to] first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel." **Commonwealth v. Van Allen**, 597 A.2d 1237, 1239 (Pa.Super. 1991) (citation and emphasis omitted).

Here, the record reveals that Appellant is indigent. However, the record further reveals that the trial court neither appointed counsel to assist Appellant for purposes of the PCRA nor conducted a colloquy to determine whether Appellant waived his right to counsel. Accordingly, we are constrained to vacate the lower court's March 13, 2015, order on this basis and remand for further proceedings consistent with this decision.

March 13, 2015, and July 1, 2016, Orders vacated; Case remanded; Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/14/2017