J-S14037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL L. COLON, | : | |
| | : | |
| Appellant | : | No. 1399 MDA 2016 |

Appeal from the Order Entered July 26, 2016,
in the Court of Common Pleas of Snyder County,
Criminal Division, at No(s): CP-55-CR-2100030-2000

BEFORE:   GANTMAN, P.J., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 27, 2017**

Daniel L. Colon (Appellant) appeals *pro se* from the July 26, 2016 order that denied his petition for a writ of *habeas corpus*. We vacate the order and remand for further proceedings consistent with this memorandum.

In 2001, Appellant pled *nolo contendere* to drug charges and was sentenced to an aggregate term of six to 30 years of imprisonment. This Court affirmed his judgment of sentence on October 3, 2002, and our Supreme Court denied his petition for allowance of appeal on June 24, 2003. ***Commonwealth v. Colon***, 815 A.2d 1124 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 825 A.2d 1259 (Pa. 2003).

Appellant took no further action until he filed a petition for writ of *habeas corpus* on June 10, 2016. Therein, Appellant (1) claimed that he is serving an illegal sentence based upon the application of an unconstitutional

---

*Retired Senior Judge assigned to the Superior Court.

mandatory minimum provision, Petition, 6/10/2016, at ¶ 9; (2) stated that his petition was not filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, *id.* at ¶ 2; requested to proceed *in forma pauperis*, *id.* at ¶ 12; forswore the appointment of counsel, *id.* at ¶ 13; and asked to proceed *pro se*. *Id.*

After the Commonwealth filed an answer to the petition, the trial court scheduled a hearing which Appellant attended via teleconference from state prison. The trial court proceeded to the merits of Appellant's claim, determined that he had not been sentenced under a mandatory minimum statute, and denied the petition. N.T., 7/26/2016, at 9-10.

Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[1] In his appellate brief, Appellant argues that his sentence is illegal, and also makes a number of allegations about the ineffectiveness of his plea counsel. Appellant's Brief at 2.

Before we consider the substance of Appellant's claims, we must determine the proper framework for our review. The first principle of note is that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment."

---

[1] Although Appellant's concise statement of errors complained of on appeal was filed more than 21 days after the order directing him to do so, it appears from the record that it was timely filed under the prisoner mailbox rule. *See*, *e.g.*, *Commonwealth v. Wilson*, 911 A.2d 942, 944 (Pa. Super. 2006) (indicating that under the prisoner mailbox rule, a document is deemed to have been filed when it was placed in the hands of prison authorities for mailing).

*Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007). Claims of an illegal sentence and the ineffective assistance of counsel are cognizable under the PCRA. *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011); 42 Pa.C.S. § 9543(a)(2)(ii), (vii). Accordingly, despite Appellant's protestations to the contrary, his *habeas corpus* petition should have been treated as his first PCRA petition.

Second, "before the trial court disposes of a post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition." *Commonwealth v. Hampton*, 718 A.2d 1250, 1253 (Pa. Super. 1998) (quoting *Commonwealth v. Van Allen*, 597 A.2d 1237, 1239 (Pa. Super. 1991)) (emphasis omitted).

> [I]f a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f). A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [in a PCRA petition], they may be lost permanently."

*Commonwealth v. Robinson*, 970 A.2d 455, 459-60 (Pa. Super. 2009).

Here, the trial court opened the hearing with the following exchange with Appellant:

- 3 -

THE COURT:     [Appellant], do you understand, sir, that you do have the right to be represented by an attorney?

[APPELLANT]:     Yes, I do, Your Honor.

THE COURT:     Okay.  Have you applied for any representation by the Public Defender?

[APPELLANT]:     No.

THE COURT:     Do you wish to proceed in this matter with or without an attorney?

[APPELLANT]:     I will proceed without, Your Honor.

THE COURT:     Okay.  …

N.T., 7/26/2016, at 2.

Clearly, the trial court's colloquy failed to satisfy all of the requirements of Rule 121 as discussed in **Robinson**, 970 A.2d at 459-60.

Furthermore, the apparent untimeliness of Appellant's petition does not render harmless the failure to appoint counsel or to hold a proper waiver colloquy.  **See, e.g., Commonwealth v. Smith**, 818 A.2d 494, 501 (Pa. 2003) ("[A]n indigent petitioner, whose first PCRA appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation appl[ies]."); **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001) (holding it was error to dismiss the PCRA petition before appointing counsel, "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented").

- 4 -

Thus, because "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel," *Commonwealth v. Albrecht*, 720 A.2d 693, 699 (Pa. 1998), remand is necessary for appointment of counsel or a waiver colloquy that satisfies Pa.R.Crim.P. 121.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 4/27/2017