J-S52036-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW GEORGE MILLER, | : | |
| | : | |
| Appellant | : | No. 166 MDA 2018 |

Appeal from the Order Entered January 4, 2018
in the Court of Common Pleas of Perry County,
Criminal Division, at No(s): CP-50-CR-0000490-2011

BEFORE:     BENDER, P.J.E., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED OCTOBER 25, 2018**

Andrew George Miller (Appellant) appeals *pro se* from the January 4, 2018 order that denied his petitions for a writ of *habeas corpus*.  We vacate the order and remand for further proceedings consistent with this memorandum.

In 2014, Appellant pleaded *nolo contendere* to five counts of aggravated indecent assault and was sentenced to an aggregate term of five to 15 years of imprisonment.  No direct appeal was filed.  On August 3, 2017, Appellant filed a petition for writ of *habeas corpus* at the

---

*Retired Senior Judge assigned to the Superior Court.

aforementioned docket number. A subsequent petition was filed on November 27, 2017.[1]

In these petitions, Appellant challenges the legality of his sentence pursuant to our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution). On January 3, 2018, the trial court denied Appellant relief, finding, *inter alia*, that Appellant's "lifetime registration was not applied retroactively to him under SORNA, but instead was applied at the time of sentencing based on his convictions for aggravated indecent assault[.]" Order, 1/4/2018, at 1 (unnumbered; unnecessary capitalization omitted).[2]

Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925. In his appellate brief, Appellant

---

[1] Unlike his initial petition, Appellant's second *habeas corpus* petition was filed at the above-referenced docket number and at docket number CP-50-CR-0000489-2011 (489-2011). Thus, although not labelled as such, it appears Appellant's subsequent filing was an amended *habeas* petition.

[2] Although the trial court only referred to Appellant's "petition," in its January 3, 2018 order denying Appellant's requested relief, we presume that this order pertained to both petitions, which raised materially similar issues concerning **Muniz**. In light of our disposition, we need not address this in detail. However, in the future, when presented with multiple filings, trial courts must clarify which petition(s) the order intends to deny.

challenges the retroactive application of SORNA to his sentence. Appellant's

Brief at i-ii.[3]

Before we consider the substance of Appellant's claims, we must

determine the proper framework for our review. The first principle of note is

that "the PCRA subsumes all forms of collateral relief, including *habeas*

*corpus*, to the extent a remedy is available under such enactment."

***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007). A claim that a

---

[3] In his November 27, 2017 *habeas corpus* petition, and now on appeal, Appellant raises claims regarding his sentence at the above-referenced docket number (490-2011) and at docket number 489-2011. **See** Petition for State Writ of *Habeas Corpus*, 11/27/2017; Appellant's Brief at 5-8. However, Appellant filed a notice of appeal and concise statement of matters complained of on appeal only relative to docket number 490-2011. Notice of Appeal, 1/12/2018; Concise Statement of Matters Complained of on Appeal, 2/8/2018. "We therefore lack jurisdiction to review the sentence imposed at docket number" 489-2011. ***Commonwealth v. Hardy***, 99 A.3d 577, 579 (Pa. Super. 2014). Thus, this Court may only address Appellant's issues as they relate to docket number 490-2011.

While we cannot consider 489-2011 for the reason cited *supra*, we note that in March 2017, Appellant filed *pro se* a post-conviction relief act (PCRA) petition at docket number 489-2011 only. The PCRA court, without appointing counsel, dismissed Appellant's PCRA petition, and Appellant appealed to this Court. Because a petitioner is entitled to the appointment of counsel to assist in the preparation of a first PCRA petition, this Court remanded the case to the PCRA court, directing the court to inquire with Appellant as to whether he desired to have counsel appointed. After a hearing, counsel was appointed and proceeded to represent Appellant in his appeal as it pertained to docket number 489-2011. Similarly, because Appellant's *habeas corpus* petitions at the underlying docket here, 490-2011, should have been treated as his first PCRA petition, Appellant is likewise entitled to counsel, and for this reason, as stated in more detail *infra*, we remand for the appointment of counsel.

- 3 -

petitioner's sentence is illegal is cognizable under the PCRA. *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011); 42 Pa.C.S. § 9543(a)(2)(vii). Accordingly, despite Appellant's protestations to the contrary, his *habeas corpus* petitions, as they relate to docket number 490-2011 should have been treated as his first PCRA petition.

Second, "before the trial court disposes of a [PCRA] petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition." *Commonwealth v. Hampton*, 718 A.2d 1250, 1253 (Pa. Super. 1998) (quoting *Commonwealth v. Van Allen*, 597 A.2d 1237, 1239 (Pa. Super. 1991)) (emphasis omitted). Even if, as seems to be the case here,

> a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f). A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [in a PCRA petition], they may be lost permanently."

*Commonwealth v. Robinson*, 970 A.2d 455, 459-60 (Pa. Super. 2009). *See also* Petition for Writ of *Habeas Corpus*, 8/3/2017, at 2 (requesting the trial court to allow Appellant "to exercise his right to [*pro se* l]itgation and

[d]enotes [(*sic*)] [c]ounsel for the purposes of this [*habeas corpus*] proceeding.") (unnumbered).

Upon review of the record, we find the trial court dismissed Appellant's *pro se* petitions without making the proper determinations and inquiries cited *supra.* Thus, because "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel," ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1998), remand is necessary for appointment of counsel or a waiver colloquy that satisfies Pa.R.Crim.P. 121.[4]

Order vacated.  Case remanded for further proceedings consistent with this memorandum.  Jurisdiction relinquished.

---

[4] Furthermore, the apparent untimeliness of Appellant's petition does not render harmless the failure to appoint counsel or to hold a proper waiver colloquy.  ***See, e.g., Commonwealth v. Smith***, 818 A.2d 494, 501 (Pa. 2003) ("[A]n indigent petitioner, whose first PCRA appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation appl[ies]."); ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1262 (Pa. Super. 2001) (holding it was error to dismiss the PCRA petition before appointing counsel, "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented").

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/25/2018