465 A.2d 1050

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Charles PALMER.**

Superior Court of Pennsylvania.

Submitted April 27, 1982.

Filed Sept. 16, 1983.

David Forrest Mowrey, Assistant District Attorney, Titusville, for Commonwealth, appellant.

John F. Spataro, Meadville, for appellee.

Before CERCONE, P.J., and ROWLEY and BECK, JJ.

ROWLEY, Judge:

Appellee was convicted, after a jury trial, of arson, criminal solicitation, theft by deception, and false report to a law enforcement agency. The charges arose out of the burning of appellant's car.

Appellee subsequently filed a Motion for New Trial, which was granted on June 5, 1981. In addition to ordering a new trial, the court "suppressed" a statement made by appellee to a Pennsylvania State Trooper. The Commonwealth has appealed from that order.

Prior to trial, appellee filed a discovery motion requesting the Commonwealth to disclose any statements he had made. The Commonwealth responded that it had no such statements.

During presentation of the Commonwealth's case, the District Attorney attempted to introduce into evidence an inculpatory statement made by appellee to the investigating

officer. Defense counsel objected on the ground that the Commonwealth had failed to disclose this statement pre-trial as required by Pa.R.Crim.P. 305(B)(1)(b). The objection was sustained.

Later, during cross-examination of appellee, the District Attorney asked if appellee had made any inculpatory statements to the trooper. Appellee responded that he had not. During rebuttal, the District Attorney called the trooper to the stand and again attempted to introduce the inculpatory statement. The court overruled defense counsel's objection and allowed the statement into evidence.

In granting a new trial, the court determined that it was improper to allow the statement for impeachment purposes after it had been disallowed during the Commonwealth's case-in-chief.

The decision of the trial court to grant a new trial will not be reversed absent an abuse of discretion or an error of law. *Commonwealth v. White,* 482 Pa. 197, 393 A.2d 447 (1978). In its memorandum opinion, the trial court acknowledges that the grant of a new trial was not required in this case by *Commonwealth v. Triplett,* 462 Pa. 244, 341 A.2d 62 (1975), since the statement involved was not obtained in violation of any constitutional right and no allegation has been made that it was not given voluntarily by appellee. *Commonwealth v. Bennett,* 287 Pa.Super. 485, 430 A.2d 994 (1981). Rather, appellee's Motion for New Trial was granted as a remedy for the Commonwealth's violation of Pa.R.Crim.P. 305. *See Commonwealth v. Jenkins,* 476 Pa. 467, 383 A.2d 195 (1978). When a party has failed to comply with Rule 305, the trial court has broad discretion in choosing an appropriate remedy. *See* Pa.R. Crim.P. 305(E); *Commonwealth v. Parente,* 294 Pa.Super. 446, 440 A.2d 549 (1982). We find no abuse of discretion in the trial court's granting a new trial under the facts of this case.

However, the court went on to impose an additional sanction for violation of the rule, ordering that the statement not be used at appellee's new trial.

As has already been stated, this case does not involve a violation of constitutional dimension. Therefore, the "exclusionary rule" does not apply. All that is involved here is a violation of the discovery rules. An appropriate sanction for that violation, the grant of a new trial, has been ordered.

The facts of this case do not justify the trial court's additional sanction that the statement not be used at appellee's retrial. The purpose of Rule 305, to avoid unfair surprise, has been served by granting appellee a new trial. Appellee is now aware of the fact that the statement exists and will be used by the Commonwealth. Therefore, we conclude that the second part of the order is not an appropriate remedy for violation of the rule and constitutes an abuse of discretion.

For these reasons, only that part of the order which grants a new trial will be affirmed. The remainder of the order is reversed.

Order affirmed in part and reversed in part.