COMMONWEALTH of Pennsylvania, Appellee,

v.

Denard GALLOWAY, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 15, 2001.
Filed April 10, 2001.

Timothy McCormick, Greensburg, for appellant.

Lawrence W. Koenig, Assistant District Attorney, Greensburg, for Com.

Before JOHNSON, HUDOCK, and TODD, JJ.

JOHNSON, J.:

¶ 1 In this appeal, we are asked to determine whether the mid-trial allowance of inculpatory evidence, that was untimely disclosed in violation of the rules governing pretrial discovery and inspection, constitutes an abuse of discretion under Pa. R.Crim.P. 305. Here, the trial court barred the Commonwealth from introducing such evidence in its case-in-chief. After the close of the Commonwealth's case, the court revised its ruling to allow for the admission of evidence in rebuttal if, and only if, the defense attempted to show that the defendant was not present on the night of the crime. We hold that a trial court does not abuse its discretion when fashioning a remedy under Rule 305(E), when the revised preclusion order does not prejudice the defendant's right to a fair trial.

¶ 2 Denard Galloway appeals from the judgment of sentence entered following his convictions for first degree murder, robbery, criminal conspiracy to commit homicide, and criminal conspiracy to commit robbery. Galloway claims that he should be granted a new trial due to trial court error in conditionally permitting the introduction of inculpatory testimony, the prosecution's prejudicial closing remarks, and the introduction of a bloodstained shirt worn by the victim. For the following reasons, we affirm.

¶ 3 This matter arises from the murder of Terry Anderson in front of a bar named Toccos on February 6, 1999. At trial, Amy Zicarelli testified to the following. On February 6, 1999, she was seated on a barstool next to Galloway in Toccos when Anderson entered the bar. Anderson approached Galloway and requested an "eight-ball" of cocaine. Galloway and Anderson went to the rear of the bar where they conducted the drug transaction. Galloway then returned to his stool next to Zicarelli and began counting money. He then made the comment "that mother r shorted me $51.00." Galloway then exited Toccos with another individual in pursuit of Anderson. After a few minutes, Zicarelli also exited the bar. She saw Galloway approach Anderson's car across the street as Anderson was getting in his car. She then heard two or three gunshots.

¶ 4 Prior to trial, the court suppressed the statement of Russell Kendall as a sanction for the prosecution's failure to timely disclose the statement to the defense. *See* Pa.R.Crim .P. 305(E). Kendall's statement corroborated the Commonwealth's position that Galloway and Zicarelli were

present at Toccos on the night of the shooting. After the close of the Commonwealth's case, the court revised its ruling to allow for the admission of Kendall's statement in rebuttal if the defense attempted to show that Zicarelli or Galloway were not at Toccos on the night of Anderson's murder.

¶ 5 The jury convicted Galloway of the foregoing offenses, and the court sentenced Galloway to life imprisonment. Galloway filed post-sentence motions, which the court denied. Galloway then filed this appeal. He raises three questions for our review:

1. Whether the Commonwealth can introduce evidence for rebuttal purposes when such evidence was suppressed in its case-in-chief because of a violation of Pennsylvania Rule of Criminal Procedure 305?

2. Whether the Defendant is entitled to a new trial when the Commonwealth comments in its closing about the Defendant's failure to call witnesses as stated in the defense opening after the trial court rul[ing] that the Commonwealth could use a witness whose testimony was barred in the Commonwealth's case-in-chief because [of a] discovery rule violation?

3. Whether the Defendant is entitled to a new trial when the Commonwealth displays the victim's widow holding the bloody T-shirt worn on the night of the shooting before the jury and states to the court that they will utilize the shirt later in the [trial] but fail to do so?

Brief for Appellant at 2.

■ ¶ 6 In Galloway's first question, he claims that the trial court erred in modifying its order suppressing the statement of Russell Kendall. The court entered the order pursuant to Pa.R.Crim.P. 305. Rule 305 governs pretrial discovery and inspec-

tion of evidence. *See* Pa.R.Crim.P. 305. Under Rule 305, the Commonwealth must disclose certain types of exculpatory and inculpatory evidence to defendant's counsel. *See* Pa.R.Crim.P. 305(B). If the Commonwealth breaches its duty to disclose under this rule, the trial court may fashion a remedy in accordance with subsection (E). *See* Pa.R.Crim.P. 305(E).

¶ 7 In the instant case, the trial court suppressed Kendall's inculpatory statement as a sanction for the prosecutor's failure to timely disclose the existence of the statement. It is undisputed that the statement favored the Commonwealth's case, as it bolstered Zicarelli's testimony that she and Galloway were present in Toccos the night of Anderson's murder. The Commonwealth disclosed the statement on the second day of jury selection.

¶ 8 Though Galloway does not direct this Court to the location in the record where the trial court modified its order, it ostensibly did so after the close of the prosecution's case and prior to the defense commencing with its case. The trial court modified its order to permit the Commonwealth to introduce the Kendall statement in rebuttal if the defense presented evidence to show that Zicarelli or Galloway were not present in Toccos the night of Anderson's murder. Galloway claims that the trial court abused its discretion in so modifying its order and that he should be granted a new trial.

■ ¶ 9 A trial court's power to sanction a party for failure to comply with the disclosure requirements of Rule 305 is governed by subsection (E) of the rule:

(E) REMEDY. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may

grant a continuance, or **may prohibit such party from introducing evidence not disclosed,** other than testimony of the defendant, or it **may enter such other order as it deems just under the circumstances.**

Pa.R.Crim.P. 305(E) (emphasis added). "This provision gives the trial court broad discretion in formulating remedies for a failure to comply with discovery requirements." *Commonwealth v. Thiel,* 323 Pa.Super. 92, 470 A.2d 145, 150 (1983) (quoting *Commonwealth v. Johnson,* 310 Pa.Super. 385, 456 A.2d 988, 993 (1983)). Accordingly, our standard of review of a trial court's decision to sanction a party under Pa.R.Crim.P. 305(E) is whether the trial court committed an abuse of discretion. *See Commonwealth v. Moose,* 529 Pa. 218, 602 A.2d 1265, 1274–75 (1992).

¶ 10 Galloway argues that the trial court's mid-trial modification of its decision pursuant to Rule 305(E), to conditionally permit Kendall's statement in rebuttal, resulted in an unfair trial. Galloway relies on three cases for his argument: *Thiel, supra; Moose, supra;* and *Commonwealth v. Palmer,* 319 Pa.Super. 56, 465 A.2d 1050 (1983). In all three of these cases, however, defense counsel made the strategic decision to introduce the defendant's testimony, only to be ambushed by the Commonwealth with impeachment evidence that had either not been disclosed, or had been excluded previously pursuant to a Rule 305(E) order. *See Moose,* 602 A.2d at 1274; *Thiel,* 470 A.2d at 149; *Palmer,* 465 A.2d at 1051. Clearly, the resulting damage to a defendant's credibility substantially prejudices his or her right to a fair trial. As this Court stated in *Thiel:* "Although we impute no intentional impropriety to the prosecutor, his tactic at least has the appearance of baiting the defendant into perjury, then exposing the

perjury by introducing surprise evidence." *Thiel,* 470 A.2d at 149.

¶ 11 In contrast, Galloway was well aware, prior to presenting his case in defense, that Kendall's statement would be admissible if Galloway attempted to show that Zicarelli and Galloway were not present at Toccos on the night of the murder. Thus, the court's ruling gave Galloway the opportunity to consider the import of Kendall's statement and to factor it into defense strategy. Though Galloway claims that the "defense proceeded to trial unwittingly and unprepared to address the Kendall statement believing the necessity to do so did not exist[,]" Galloway fails even to claim that his strategy in rebutting the Commonwealth's case would have differed had he known that Kendall's statement may potentially be admitted in the Commonwealth's rebuttal of his case. Brief for Appellant at 23. Nor does Galloway specify how the trial court's ruling was detrimental to his case in defense. Galloway, therefore, has failed to articulate how the trial court's ruling resulted in prejudice or an unfair trial. Galloway's argument to this Court assumes that the mere surprise caused by the Commonwealth's failure to disclose evidence in a timely fashion is sufficient to warrant a new trial. We disagree. Absent a showing of prejudice to Galloway's right to a fair trial, we decline to find an abuse of discretion by the trial court. We do not, however, establish a *per se* rule requiring the defendant to demonstrate prejudice to establish his entitlement to preclusion of evidence under Rule 305(E).

¶ 12 In Galloway's second question, he claims that he is entitled to a new trial because the prosecutor made improper remarks in his closing argument. Although Galloway cites to the record in support of his claim, a review of the testimony that he cites reveals no objection by Galloway's

defense counsel. Nor does Galloway allege that his defense counsel made an objection to the purportedly improper remarks by the prosecutor. Galloway, therefore, has failed to preserve this issue for our review. *See Commonwealth v. English,* 446 Pa.Super. 569, 667 A.2d 1123, 1126 (1995) (stating that "[i]t is axiomatic in this jurisdiction ... that one must object to errors, improprieties or irregularities at the earliest possible stage of the criminal or civil adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter"); Pa.R.A.P. 2119(e).

¶ 13 In his third question presented for our review, Galloway claims that the trial court erred in admitting into evidence the shirt worn by the victim the night he was murdered. "A trial court has broad discretion to determine whether evidence is admissible. We will not reverse the trial court's ruling absent an abuse of discretion." *Commonwealth v. Ketterer,* 725 A.2d 801, 805 (Pa.Super.1999). Galloway relies on Pennsylvania Rule of Evidence 403, which allows for the exclusion of evidence if the danger of unfair prejudice outweighs the probative value of the evidence. Pa.R.E. 403. Galloway argues that the introduction of the shirt during the testimony of the victim's widow played on the jury's sympathy and impacted their ability to deliberate fairly.

¶ 14 We acknowledge that a reasonable person could be sympathetic to a widow holding the garment of her deceased husband. However, sympathy and unfair prejudice are not synonymous. Galloway's burden on appeal is to demonstrate that the trial court abused its discretion in determining that the danger of *unfair prejudice* caused by the introduction of the shirt did not outweigh its probative value. *See Ketterer,* 725 A.2d at 805; Pa.R.E. 403.

The trial court determined that the shirt was probative of the location of the victim's bullet wounds. Furthermore, the trial court concluded that this probative value was not outweighed by the danger of unfair prejudice. *See id.* Galloway has failed to demonstrate that the trial court abused its discretion in determining that the danger of unfair prejudice did not outweigh the probative value of the shirt. Accordingly, we conclude that Galloway's final issue is without merit.

¶ 15 Judgment of sentence **AFFIRMED.**