**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARTH HIGGIN | : | |
| | : | |
| Appellant | : | No. 635 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005390-2021

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 27, 2026**

Appellant, Garth Higgin, appeals from the judgment of sentence entered

in the Philadelphia County Court of Common Pleas, following his jury trial

convictions for attempted murder[1] and related offenses.  We affirm.

The trial court opinion set forth the relevant facts of this appeal as

follows:

A. *The Shooting Incident*

Video footage from surveillance cameras at the Sunoco gas
station located on the corner of Hunting Park Avenue and
Broad Street in Philadelphia shows that an Audi SUV drove
into the gas station's parking lot at approximately 8:15 p.m.
on October 28, 2020.  The footage shows a man, later
identified as [Appellant], walk from the area of the parked
Audi to the entrance area of the gas station's mini mart.
[Appellant] was wearing a black Golden State Warriors hat,
a yellow shirt, dark-colored jeans with rips in the front, and

_____

[1] 18 Pa.C.S.A. § 901(a) (section 2502 related).

tan chukka boots. A group of unknown males stood near [Appellant] at the entrance area of the mini-mart, and after about a minute, the group of males walked off-camera towards the area where the Audi was parked. About 90 seconds later, the Audi sped out of the parking lot, driven by an unknown person. [Appellant] chased after the Audi on foot but was unable to catch up to it.

Less than a minute later, [Appellant] approached the front passenger side door of a minivan in the gas station's parking lot. Some of the same males who had earlier walked together towards the Audi were inside the minivan. [Appellant] grabbed one of the males from the minivan, brandished a firearm, and dragged the male through the gas station parking lot towards a sidewalk near the road. Kareem Rawlings was later identified as the male grabbed by [Appellant] from the minivan.

As [Appellant] dragged Mr. Rawlings to the sidewalk near the street, [Appellant] struck Mr. Rawlings repeatedly in the head. When they reached the sidewalk, [Appellant] continued to strike Mr. Rawlings on his head, knocking him to the ground. [Appellant] then shot his firearm at Mr. Rawlings multiple times while standing directly next to him. After suffering gunshots to his head, Mr. Rawlings got up and ran away onto the street.

B. *The Post-Shooting Investigation*

Soon after the shooting, Mr. Rawlings flagged down police officers in a patrol car. Mr. Rawlings was bleeding from his face and holding his eye. He explained to the officers that he had just been shot in the eyes and could not see. The officers immediately transported Mr. Rawlings to the closest hospital.

At the hospital, Mr. Rawlings received treatment for gunshot wounds to his left eye, left ear, right cheek, back, shoulder and neck. After doctors determined that the injury to Mr. Rawling's eye was inoperable, doctors surgically removed Mr. Rawling's left eyeball from his eye socket.

Police responded to the scene of the shooting and recovered surveillance video footage from multiple cameras at the

Sunoco gas station. On October 29, 2020, the day after the shooting, Officer Paniagua and his partner encountered an abandoned Audi SUV that had crashed into a sidewalk pole. The Audi was found about two miles away from the Sunoco gas station. Records showed that the registered owner of the Audi was a woman ("T.S."), and that the woman was married to [Appellant]. After reviewing [Appellant's] driver's license photograph and surveillance videos of the shooter, Detective Falcone identified [Appellant] as a suspect for the shooting.

On October 30, 2020, detectives executed a search warrant at [Appellant's] home and recovered clothing items that appeared to be the same items worn by the shooter, including a black Golden State Warriors hat, dark-colored jeans with rips in the front, and a pair of tan boots. Police also found a piece of mail bearing [Appellant's] name with his home address.

(Trial Court Opinion, filed 4/22/25, at 2-5) (internal footnotes and record citations omitted).

The Commonwealth filed a criminal complaint against Appellant on October 30, 2020. Thereafter, the case experienced delays due to the pandemic and certain continuance requests. On May 16, 2024, Appellant filed a pretrial motion to dismiss the charges, pursuant to Pa.R.Crim.P. 600. The court conducted a Rule 600 hearing on May 24, 2024. At the conclusion of the hearing, the court denied Appellant's Rule 600 motion. Appellant's jury trial commenced on May 28, 2024.

Following trial, the jury convicted Appellant of attempted murder and related offenses. On October 18, 2024, the court sentenced Appellant to an aggregate term of twenty (20) to forty (40) years' imprisonment. Appellant timely filed a post-sentence motion on October 28, 2024. In it, Appellant

alleged that the court imposed an excessive sentence considering Appellant's background, remorse, and potential for rehabilitation. On February 13, 2025, the court denied Appellant's post-sentence motion.

Despite having counsel of record, Appellant timely filed a *pro se* notice of appeal on February 25, 2025. On March 6, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant responded by filing a request to proceed *pro se* in this Court. On April 28, 2025, we remanded the matter for an on-the-record examination of Appellant's waiver of counsel, pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998). The trial court scheduled the **Grazier** hearing for May 19, 2025, but Appellant refused to participate. On June 2, 2025, this Court ordered Appellant to continue with counsel on appeal.[2]

Appellant now raises the following issues for this Court's review:

> The sentence imposed on [Appellant] was harsh and excessive and an abuse of discretion since the [trial] court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question.

> The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict

---

[2] While Appellant's request to proceed *pro se* was pending, trial counsel filed a motion to withdraw on March 7, 2025. On March 12, 2025, the trial court permitted trial counsel to withdraw. The court also appointed current counsel to represent Appellant on appeal. That same day, current counsel timely filed a Rule 1925(b) statement on Appellant's behalf.

winner, is insufficient to establish all elements of attempted murder beyond a reasonable doubt, as to [Appellant].

The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of aggravated assault beyond a reasonable doubt, as to [Appellant].

The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of VUFA 6106 beyond a reasonable doubt, as to [Appellant].

The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of VUFA 6108 beyond a reasonable doubt, as to [Appellant].

The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of PIC 18 Pa.C.S.A. § 907 beyond a reasonable doubt, as to [Appellant].

The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of REAP beyond a reasonable doubt, as to [Appellant].

The verdict of guilty on all offenses was against the weight of the evidence.

The trial court erred when it denied [Appellant's Rule] 600 motion since the Commonwealth was not duly diligent and more than 365 days passed prior to bringing this case to trial (noting that discovery was not fully complete a week before trial).

The trial court erred in its ruling on the discovery sanction

that the Commonwealth could not play a video sent just prior to trial (which showed the car abandoned and damaged and made it more likely to be [Appellant's] car and to have been stolen).

The court erred by allowing the Commonwealth to have an officer testify about a car seen in a precluded body cam video after the Commonwealth had clearly prejudiced the defense by not passing a video relating to the car until at or near the time of trial and the video itself was precluded from the trial.

(Appellant's Brief at 9-11).[3]

In his first issue, Appellant argues that the sentencing court: 1) abused its discretion by failing to consider all sentencing factors, pursuant to 42 Pa.C.S.A. § 9271(b); 2) imposed a sentence in the aggravated range without considering mitigating factors; and 3) failed to provide an on-the-record statement of reasons in support of the sentence. Appellant's claims challenge the discretionary aspects of his sentence.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

We conduct a four-part analysis to determine: (1) whether

_____

[3] Although Appellant raises eleven (11) issues, the argument section of Appellant's brief is divided into six (6) parts. Such drafting violates Pa.R.A.P. 2119(a), which requires the argument section to "be divided into as many parts as there are questions to be argued." Consequently, we address the six claims as advanced in the argument section of the brief.

appellant has filed a timely notice of appeal, *see* Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting ***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa.Super. 2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f).

> The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.

***Phillips, supra*** at 112 (emphasis in original) (internal citation and quotation marks omitted). "If the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review." ***Commonwealth v. Griffin***, 149 A.3d 349, 353 (Pa.Super. 2016), *affirmed*, 652 Pa. 127, 207 A.3d 827 (2019).

Instantly, Appellant's brief fails to set forth a separate concise statement

demonstrating that there is a substantial question, pursuant to Rule 2119(f). The Commonwealth has objected to this deficiency. (**See** Commonwealth's Brief at 14). Thus, Appellant's first issue is waived. **See Griffin, supra**.

In his second issue, Appellant insists that the Commonwealth's trial evidence failed to establish the identity of the shooter. Regarding the footage from the surveillance cameras at the crime scene, Appellant insists that "[t]he video … was clearly of someone else since the 911 call gave the description of the shooter as someone in his 20s. However, Appellant was 45 years old at the time." (Appellant's Brief at 33). Appellant also emphasizes that: 1) the shooting victim did not testify at trial; 2) the eyewitnesses from the gas station did not testify at trial; 3) the Commonwealth did not produce fingerprint or DNA evidence to place Appellant at the crime scene; 4) the Commonwealth did not test Appellant's clothing for gunshot residue; and 5) the Commonwealth did not present cell phone or GPS data to place Appellant at the crime scene. Appellant concludes that the Commonwealth presented insufficient evidence to support the convictions. Appellant's claim is waived.

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Stiles**, 143 A.3d 968, 982 (Pa.Super. 2016), *appeal denied*, 640 Pa. 386, 163 A.3d 403 (2016) (quoting **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa.Super. 2013)). "Such

specificity is of particular importance in cases where, as here, Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Commonwealth v. Ellison***, 213 A.3d 312, 321 (Pa.Super. 2019), *appeal denied*, 656 Pa. 205, 220 A.3d 531 (2019) (quoting ***Stiles, supra*** at 982). "Therefore, when an appellant's [Rule] 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient, ... the sufficiency issue is waived on appeal." ***Id.*** (internal quotation marks omitted).

Instantly, Appellant's Rule 1925(b) statement presented his sufficiency issues as follows:

> The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of [the offense] beyond a reasonable doubt, as to [Appellant].

(Rule 1925(b) Statement, filed 3/12/25, at ¶¶2-7).  In each paragraph of the Rule 1925(b) statement, Appellant used the above-quoted language and merely added the name of each offense for which the jury convicted him.[4]  At no point did Appellant mention that he sought to challenge the evidence supporting his identification as the shooter.

The trial court subsequently reviewed Appellant's Rule 1925(b)

---

[4] Without requesting the trial court's permission, Appellant filed an amended Rule 1925(b) statement on March 13, 2025.  In the amended Rule 1925(b) statement, Appellant presented his sufficiency claims in an identical manner. (***See*** Amended Rule 1925(b) Statement, filed 3/13/25, at ¶¶2-7).

statement, and it determined that the claims were too vague to review:

> Here, the Statement of Errors fails to specify any of the allegedly unproven elements of any of [Appellant's] crimes of conviction. For each offense, the Statement of Errors simply declares, in boilerplate fashion, that the evidence was insufficient to establish "all elements" of the offense. This language is too vague to enable the [c]ourt to determine which elements [Appellant] is contesting. Accordingly, his claims that the evidence was insufficient are waived.

(Trial Court Opinion at 5-6) (record citation omitted).

We agree with the trial court's conclusion. The Commonwealth presented six (6) witnesses and more than twenty (20) exhibits over two days of trial. Appellant, however, failed to identify the specific evidence now at issue, and the trial court was left to guess what evidence Appellant sought to challenge on appeal. On this basis, Appellant's second issue is waived. *See Ellison, supra*; *Stiles, supra*.

In his third issue, Appellant argues that his convictions were against the weight of the evidence. Appellant, however, failed to raise any objection to the weight of the evidence in the trial court. Therefore, Appellant's claim is waived. *See* Pa.R.Crim.P. 607(A) (stating that defendant must raise weight claim with trial judge in first instance). *See also Commonwealth v. Cox*, 231 A.3d 1011, 1018 (Pa.Super. 2020) (stating weight challenge must be preserved either in post-sentence motion, written motion before sentencing, or orally prior to sentencing; appellant's failure to avail himself of any of prescribed methods for presenting weight issue to trial court constitutes

waiver of that claim).

In his fourth issue, Appellant attempts to challenge the trial court's denial of his Rule 600 motion. Aside from a few citations to Rule 600 and its related case law, the entirety of Appellant's argument is as follows:

> The trial court erred when it denied [Appellant's Rule] 600 motion since the Commonwealth was not duly diligent and more than 365 days passed prior to bringing this case to trial, noting that discovery was not fully complete a week before trial.

(Appellant's Brief at 37).

Here, Appellant fails to provide any argument to attack the trial court's calculation of the adjusted run date. Appellant also fails to analyze the pandemic-related delays, as well as the record from the Rule 600 hearing. Thus, Appellant makes no effort to explain how the evidence did not support the trial court's finding about the Commonwealth's due diligence. Absent more, Appellant's Rule 600 challenge is waived. *See **Commonwealth v. Taylor***, 277 A.3d 577, 590-91 (Pa.Super. 2022) (reiterating that failure to develop adequate argument in appellate brief may result in waiver of claim under Pa.R.A.P. 2119; arguments that are inappropriately developed are waived).

Appellant's fifth issue is similarly undeveloped. There, Appellant provides one sentence of analysis to attack the propriety of a discovery sanction that the court imposed on the Commonwealth:

> The trial court erred in its ruling on the discovery sanction that the Commonwealth could not play a video sent just

> prior to trial which showed the car abandoned and damaged and made it more likely to be [Appellant's] car and to have been stolen.

(Appellant's Brief at 39).

As the trial court noted, Appellant "fails to explain how or why the [c]ourt erred by precluding the Commonwealth from using the body-camera video at trial as a discovery sanction." (Trial Court Opinion at 7). Likewise, Appellant offers no analysis of how the court abused its discretion, or how Appellant suffered prejudice. *See Commonwealth v. Brown*, 200 A.3d 986, 993 (Pa.Super. 2018) (stating court may grant trial continuance, prohibit introduction of evidence, or enter any order it deems just if discovery violation occurs; court has broad discretion in choosing appropriate remedy for discovery violation; defendant seeking relief from discovery violation must demonstrate prejudice). Thus, Appellant's fifth issue is also waived.

In his final issue, Appellant raises another claim related to the discovery sanction. Specifically, Appellant complains that the discovery sanction should have also prohibited a police witness from testifying about the abandoned vehicle that was depicted in the precluded body-camera footage. Appellant insists that the Commonwealth "had clearly prejudiced the defense by not passing a video relating to the car until … the time of trial, and the video itself was precluded from trial." (Appellant's Brief at 40). Appellant concludes that the court abused its discretion by allowing the police witness to testify about the vehicle. We disagree.

Pennsylvania Rule of Criminal Procedure 573 governs a trial court's power to sanction a party for the failure to comply with mandatory discovery requirements:

**Rule 573.  Pretrial Discovery and Inspection**

\*    \*    \*

**(E)      Remedy.**  If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(E).

This provision gives the trial court broad discretion in formulating remedies for a failure to comply with discovery requirements.  Accordingly, our standard of review of a trial court's decision to sanction a party under [Rule 573(E)] is whether the trial court committed an abuse of discretion.

***Commonwealth v. Galloway***, 771 A.2d 65, 68 (Pa.Super. 2001) (internal citations and quotation marks omitted).

Instantly, the trial court observed that Appellant could not establish that its evidentiary ruling amounted to an abuse of discretion:

Here, [Appellant] has failed to identify any part of the record indicating that [the trial c]ourt's decision was the result of partiality, prejudice, bias or ill-will.  Thus, [Appellant] has failed to meet his heavy burden of showing that [the trial c]ourt abused its discretion in denying [Appellant's] request to sanction the Commonwealth by precluding the officers from testifying about their observations of the crashed Audi that they discovered on the day after the shooting.  As the [c]ourt explained when the [c]ourt denied the request, there

- 13 -

was an insufficient basis for the [c]ourt to grant the additional sanction requested by [Appellant] because the Commonwealth properly provided discovery materials to [Appellant] well in advance of trial regarding the officers' discovery of the Audi and its damaged condition.

(Trial Court Opinion at 8-9).

Here, Appellant makes no attempt to explain why the discovery materials he actually received did not provide him with adequate notice of the officers' observations about the damaged Audi. Absent more, we cannot say that the court abused its discretion under Rule 573(E), and Appellant is not entitled to relief on his final issue. ***See Galloway, supra***. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2026